MINAKSHI V. HEMLANI, ESQ.
LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.
285 Farenholt Ave., Suite C-312
Tamuning, Guam 96913
Telephone: (671) 588-2030 Facsimile: (671) 649-2030
mvhemlani@mvhlaw.net

*Counsel for Plaintiff Norman S. Analista*



FILED
DISTRICT COURT OF GUAM
DEC 06 2024
JEANNE G. QUINATA
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

24-00027

NORMAN S. ANALISTA

      Plaintiff,

  vs.

UNIVERSITY OF GUAM, ANITA B. ENRIQUEZ, and DOES 1-10,

      Defendants.

CIVIL CASE NO. _____

**VERIFIED COMPLAINT**
(JURY TRIAL DEMAND )

COMES NOW, Plaintiff NORMAN S. ANALISTA ("Plaintiff" or "Mr. Analista"), by and through undersigned counsel of record, and files this Complaint for damages and other legal and equitable relief, alleging against Defendants UNIVERSITY OF GUAM, ANITA B. ENRIQUEZ, and DOES 1-10 (collectively, "Defendants") violations of (1) § 704(a) of the Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e(a) et seq. (Retaliation); (2) Violation of Merit System Compliance under 48 U.S.C. § 1422(c); (3) Violation of Due Process Rights Under 48 U.S.C. § 1421b(e) of the Guam Organic Act (Due Process); (4) Discrimination Based on Sex under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (Gender Discrimination); (5) Discrimination Based on Disability in Violation of Americans with Disabilities Act of 1990 42 U.S.C. §§ 12101, 12112, 12132 et seq.; (6) Violations of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Disability Discrimination); (7) Disability Discrimination in Violation of 22 GCA § 5203; (8) Hostile Work Environment in Violation of Title VII 42 U.S.C. § 2000e-2(a) (Hostile Work Environment); (9) Wrongful Termination in Violation Public Policy and Due Process (Wrongful Discharge); and (10) Intentional Infliction of Emotional Distress and in conformance with Guam 's Anti-Discrimination statutes.

## JURISDICTION & VENUE

1.  Jurisdiction of the District Court of Guam over the subject matter of this Complaint is based on federal question pursuant to 28 U.S.C. § 1331. Plaintiff's other claims under Guam law are properly pled before this Court pursuant to the court's supplemental jurisdiction to 28 U.S.C. § 1367.

2.  Venue is proper in this District because Defendants operate their business on Guam and a substantial part of the events that gave rise to the acts complained of arose within this judicial district.

## ADMINISTRATIVE PROCEDURAL REQUIREMENTS

3.  Plaintiff timely filed a Charge of Discrimination and a Charge of Retaliation against Defendants with the Equal Employment Opportunity Commission ("EEOC"), Charge Nos. 34G-2024-00034 and 34G-2024-00035. Plaintiff received right-to-sue letters from the Equal Employment Opportunity Commission via email on September 10, 2024 (*see* copies attached hereto).

4.  Ninety days have not passed since the receipt of the "Notice of Right to Sue."

## PARTIES

5.  Plaintiff NORMAN S. ANALISTA ("Plaintiff" or "Mr. Analista") is a citizen of the United States and a resident of the Territory of Guam.

6.  Defendant UNIVERSITY OF GUAM ("UOG") is, and was at all relevant times, a public territorial university and constitutes a corporate body according to the law of the Territory of Guam. At all relevant times, UOG was a "person" within the meaning of 42 U.S.C. § 2000 (e)(a) and an "employer" within the meaning of 42 U.S.C. § 2000 (e)(b), 48 U.S.C. § 1422(c) and 48 U.S.C. § 1421(b).

7.  Defendant ANITA B. ENRIQUEZ ("President Enriquez") is, and was at all relevant times, employed by UOG. President Enriquez was Plaintiff's supervisor, UOG's President, and a managing agent of UOG. Upon information and belief, President Enriquez is a citizen of the United States and a resident of the Territory of Guam.

8. The true names and capacities of Defendants sued as DOES 1 through 10 is unknown to Plaintiff at this time, and Plaintiff therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and alleges that each of the fictitiously named Defendants is responsible for the alleged occurrences and injuries to Plaintiff.

9. ***Relationship of defendants***: All Defendants compelled, coerced, aided, abetted and/or ratified the discrimination, retaliation, harassment, and other illegal actions alleged in this Complaint, which conduct is prohibited under Title VII of the Civil Rights Act of 1964. All Defendants were responsible for the events and damages alleged herein, including on the following bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision of, one or more of the remaining Defendants and, in doing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between two or more of the Defendants such that any individuality and separateness between those Defendants has ceased, and Defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times herein mention did not, exist. Adherence to the fiction of the separate existence of Defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors during employment with all Defendants, were taken on behalf of all Defendants, and were engaged in, authorized ratified, and approved of by all other defendants.

10. Defendants directly and indirectly employed Plaintiff, as defined under an "employer" within the meaning of 42 U.S.C. § 2000 (e)(b), 48 U.S.C. § 1422(c) and 48 U.S.C. § 1421(b).

11. At all times mentioned herein, each Defendant was the agent and employee of each and all of the other Defendants.

*Verified Complaint (Analista v. UOG, et al)*

## STATEMENT OF FACTS

12. ***Plaintiff's Hiring:*** Plaintiff as first employed by Defendants on or about **July 11, 2011,** in the position of Director of Development, Alumni, Affairs, and Foundation Relations ("DDAAFR").

13. ***Plaintiff's Job Performance:***

   a. Throughout Plaintiff's employment with Defendants, Plaintiff performed his duties and responsibilities in an exemplary manner.

   b. At all relevant times, Plaintiff was qualified for the job position with Defendants and was able to perform all essential functions and fundamental duties of Plaintiff's job and/or reasonably available alternative positions of Defendants.

   c. As a DDAAFR, Plaintiff held an administrative role without concurrent faculty rank.

14. ***Plaintiff's Protected Status and Activity:***

   a. On or about **February 6, 2024,** President Enriquez requested a meeting with Plaintiff in her office. During this meeting, President Enriquez informed Plaintiff that he would have 60 days remaining in his DDAAFR position without citing any performance concerns.

   b. Further, President Enriquez informed Plaintiff that she was looking to hire someone with 15-20 years of marketing experience, despite acknowledging Plaintiff's extensive background, which included over 24 years of experience including marketing, planning, corporate relations, and public relations – all critical skill sets for his job position.

   c. Further, President Enriquez informed Plaintiff to contact several departments within UOG, including the Dean of the College of Natural and Applied Sciences (CNAS), the Dean of Enrollment Management and Student Success, and the Chief Marketing Communications Officer, to explore potential positions for transitioning out of the DDAAFR role.

d. Thereafter, Plaintiff contacted the recommended departments. In response, Plaintiff was informed that there were no open positions available for Plaintiff to transition into. Shortly after, the CNAS Dean informed Plaintiff that a position might be available but would require an extension of the 60-day period due to the Dean's impending medical leave. President Enriquez declined to extend the timeframe, thus foreclosing this opportunity.

e. On or about **February 12, 2024**, Plaintiff followed up with the CNAS Dean, who confirmed that President Enriquez was unwilling to extend the 60-day period.

f. On or about **February 20, 2024**, Plaintiff informed President Enriquez via email that no alternative positions were available for him within the recommended departments. Plaintiff subsequently sent a text message to President Enriquez seeking further guidance on a transition, but she did not respond.

g. Plaintiff also contacted Defendants' Chief Human Resources Officer, Joseph B. Gumataotao, J.D., who informed Plaintiff to initiate the separation process because there were no available positions for Plaintiff.

h. On or about **March 1, 2024**, Mr. Gumataotao informed Plaintiff that President Enriquez received Plaintiff's communications; but President Enriquez did not consider Plaintiff's communications and concerns sufficiently important to provide a response to Plaintiff.

i. On or about **March 5, 2024**, Plaintiff received a Personnel Action form indicating a "Voluntary Resignation," despite Plaintiff's lack of intent to resign.

j. On or about **March 11, 2024**, Plaintiff emailed Defendants' Human Resources personnel, clarifying that he did not agree to resign and had no intention of submitting a resignation letter.

k. On or about **March 14, 2024**, Plaintiff received a formal Notice of Termination, dated March 12, 2024, and effective April 12, 2024.

*Verified Complaint (Analista v. UOG, et al)*

l.  Due to the ongoing workplace stress and hostile work environment, Plaintiff's physician placed him on leave from March 12 through 31, 2024. Plaintiff was diagnosed with anxiety and stress due to the ongoing hostile work environment caused by Defendants. Plaintiff provided proper medical documentation to Defendants regarding his medical condition and need for leave.

m.  Throughout Plaintiff's employment, President Enriquez displayed a pattern of disparate treatment by favoring female employees including hiring and retaining decisions, while often targeting male employees, including Plaintiff, for termination or other adverse actions.

n.  Throughout Plaintiff's employment, President Enriquez openly expressed struggles with male colleagues in leadership and, according to colleagues, demonstrated bias against male employees.

o.  Throughout Plaintiff's employment, President Enriquez allowed other female employees who had committed similar or worse infractions to retain their positions, while Plaintiff, a male with no disciplinary record and exemplary performance, was terminated without due process.

p.  Further, President Enriquez hired a less qualified female consultant to assume many responsibilities of the DDAAFR role before Plaintiff was forcibly terminated from his position.

q.  On or about **April 7, 2024**, Plaintiff learned from a coworker that President Enriquez had expressed a strong personal dislike toward him and wanted to have him removed from his position and ultimately terminated.

r.  On or about **March 21, 2024**, Plaintiff emailed President Enriquez requesting clarification on the specific reasons for his termination and an opportunity to address any concerns; however, President Enriquez did not respond.

s.  Plaintiff was not afforded an opportunity to be heard and was terminated without due process.

t.  On or about **April 10, 2024,** Plaintiff filed a complaint with the EEOC alleging discrimination, harassment, and retaliation against Defendants.

u.  On or about **April 14, 2024,** approximately two days after Plaintiff filed a complaint with the EEOC, Plaintiff was banned and restricted from the UOG campus. Further, Plaintiff was discriminated, harassed, and retaliated against when Defendants informed Plaintiff that he had to teach his classes remotely. Plaintiff learned that another employee who filed a similar complaint against Defendants, was permitted to remain and have access to the UOG campus, demonstrating disparate treatment.

v.  Throughout the termination process, Plaintiff was not afforded an opportunity to be heard or to address any concerns regarding his performance or position.

w.  Defendants failed to follow established university policies and procedures for employee termination, including providing written notice of the reasons for termination and an opportunity for appeal.

x.  Defendants UOG, as a public institution, is required to follow merit-based employment practices, which were not adhered to in Plaintiff's case.

y.  As a result of Defendants' action, Plaintiff has suffered and continues to suffer emotional distress including anxiety, depression, hopelessness, and loss of sleep.

15.  ***Plaintiff's Termination by Defendants:*** On or about **April 12, 2024**, Defendants discriminated and retaliated against Plaintiff when Plaintiff was terminated, without due process, violating Defendants UOG's Rules, Regulations, and Policy Manual regarding disciplinary and termination procedures for employees. Defendants discriminated and retaliated against Plaintiff when Defendants informed Plaintiff that he was being terminated from his job. Defendants falsely and maliciously articulated pretextual reasons as the reason for termination.

16.  In fact, Defendant persisted in its false representation that they had terminated Plaintiff notwithstanding further information it obtained demonstrating the falsity of this stated reason. Plaintiff was terminated from his job because he made complaints, was out on medical leave and needed accommodation, particularly after he had been such a dedicated and loyal employee for so many years.

7

*Verified Complaint (Analista v. UOG, et al)*

17. Plaintiff alleges the reason he was terminated by Defendants was because of his complaints, his gender, his disability, medical condition, and for requesting a reasonable accommodation in the form of medical leave. The course of adverse actions initiated by Defendants, closely followed Plaintiff's complaints and request for reasonable accommodations for his disability. Defendants, upon learning of Plaintiff's complaints, disability and request for accommodations, terminated Plaintiff's employment which demonstrates that the stated reasons for his termination were false and pretextual. The foregoing substantial factors motivating Defendants' decision to terminate Plaintiff were substantially motivated by discriminatory and retaliatory reasons.

18. After Defendants were formally informed of Plaintiff's complaints, disability, and need for reasonable accommodations to fully recover from his disability, Defendants instead retaliated against Plaintiff and ultimately terminated Plaintiff's employment. Thus, Plaintiff's complaints and disability were substantial motivating factors in Defendants' decision to terminate Plaintiff's employment.

19. ***Managing Agents, Officers, and/or Directors:*** Defendants' discriminatory, harassing, and retaliatory conduct was committed by, ratified by, and/or authorized by an officer, director, and/or managing agent of Defendants. Directors, officers, and/or managing agents were aware that Plaintiff was not going to be accommodated and authorized and/or ratified Defendants' conduct. The officers, directors, and managing agents had the ability to exercise substantial discretionary authority over decisions that ultimately determine corporate policy.

20. ***Economic damages:*** As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic harm, including lost past and future income and employment benefits, damage to his career and professional reputation, wages, overtime, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in sum to be proven at trial.

21. ***Non-economic damages:*** As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer psychological and emotional distress, humiliation, mental and physical pain and anguish, in a sum to be proven at trial.

22. ***Punitive damages:*** Defendants' conduct was committed with malice within the meaning of 20 G.C.A. §2120, including that (a) Defendants acted with intent to cause injury to Plaintiff/or acted with reckless disregard for his injury, including by terminating his employment and/or taking other adverse job actions against Plaintiff because of his exercise of his right to medical leave, and/or his good faith complaints; and/or (b) Defendants' conduct was despicable, committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including his right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful termination.

    a. ***Malice:*** Defendants' conduct was done with malice, including that (a) Defendants acted with intent to cause injury to Plaintiff, and/or acted with reckless disregard to injure Plaintiff, including by terminating and/or taking other adverse job actions against Plaintiff based on Plaintiff's exercise of his right to medical leave, reasonable accommodations and/or good faith complaints; and/or (b) Defendants' conduct was despicable, with willful and conscious disregard of Plaintiff's rights, health and safety, including Plaintiff's right to be free of discrimination, harassment and retaliation.

    b. ***Oppression:*** In addition, or alternatively, Defendants' conduct was committed with oppression, including that defendants' actions against Plaintiff because of his exercise of his rights, and/or good faith complaints were "despicable" and subjected him to cruel and unjust hardship, in knowing disregard to Plaintiff's rights to a workplace free of discrimination, harassment, retaliation, and wrongful employment termination.

    c. ***Fraud:*** In addition, or alternatively, Defendants' conduct as alleged, was fraudulent, including that Defendants asserted false (pretextual) grounds for employment termination and/or other adverse job actions, thereby causing Plaintiff hardship and deprivation of his legal rights. In particular, Defendants falsely

9

claimed pretextual reasons, when such claims were untrue, and Defendants knew the claims were untrue and/or failed to have any basis for such claims.

23. **Attorney's Fees:** Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

**FIRST CAUSE OF ACTION**
VIOLATION OF § 704(A) OF THE TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
AS AMENDED, 42 U.S.C. § 2000E(A) *ET SEQ.*
*(Retaliation)*

24.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

25.     Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) states, "it shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

26.     On or about **April 10, 2024,** Plaintiff filed a complaint with the EEOC alleging discrimination, harassment, and retaliation against Defendants. On or about **April 14, 2024,** approximately two days after Plaintiff filed a complaint with the EEOC, Plaintiff was banned and restricted from the UOG campus. Further, Plaintiff was discriminated, harassed, and retaliated against when Defendants informed Plaintiff that he had to teach his classes remotely. However, Plaintiff learned that another employee who filed a similar complaint against Defendants was permitted to remain and have access to the UOG campus.

27.     Defendants intentionally retaliated against Plaintiff and engaged in unlawful employment practices and policies in violation of § 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a), when Plaintiff complained of discrimination by filing an EEO complaint or otherwise opposed practices made unlawful by Title VII.

28.     Defendants' actions described above, individually and collectively, constitute retaliation against the Plaintiff for engaging in a protected activity in violation of Title VII.

29.     Defendants coerced, intimidated, threatened, harassed or interfered with Plaintiff's exercise or enjoyment of his right to oppose discrimination and retaliation.

30.     Defendants' actions were motivated by willful and intentional purposes and in deliberate disregard of Plaintiff's rights.

31.     As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

32.     As a proximate result of the acts of Defendant, as described above, Plaintiff suffered economic damages, including lost wages and benefits, and other compensatory damages in an amount to be ascertained at the time of trial.

33.     As a further proximate result of the acts of Defendant, as alleged above, Plaintiff has spent and will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendant's acts, in an amount to be ascertained at the time of trial.

34.     As a further proximate result of the aforementioned acts of Defendant, and each of them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the time of trial.

35.     In doing the acts herein alleged, Defendants, through their officers, director, and/or managing agents, acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

36.     Plaintiff, who has incurred and continues to incur attorney's fees and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial. As a direct and proximate result of the above-described acts of Defendant, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions of 42 U.S.C. § 12205, Plaintiff is entitled to the reasonable value of such attorney's fees and costs [e.g., *Jankey v. Poop Deck*, 537 F.3d 1122 (9th Cir. 2008)].

37.     The above-described acts of Defendants were willful, intentional, malicious, and done with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendant and to deter others from engaging in similar despicable conduct.

## SECOND CAUSE OF ACTION
### VIOLATION OF MERIT SYSTEM COMPLIANCE UNDER 48 U.S.C. § 1422(C)

38.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

39.     The Guam Organic Act, specifically 48 U.S.C. § 1422(c), mandates that, "the legislature shall establish a merit system and, as far as practicable, appointments and promotions shall be made in accordance with such merit system." Further, the Guam Organic Act requires the Government of Guam employment must be under a merit system pursuant to 48 U.S.C. 1422(c). Defendants are in violation of this standard.

40.     Defendants, as a public land-grant institution and government entity, are subject to the requirements of the Guam Organic Act, including the merit system under 48 U.S.C. § 1422(c).

41.     Defendants have failed to comply, implement, and maintain with such federal requirements as well as the requirements from the Guam Legislature to use merit employment practice and a proper merit system.

42. This lack of a merit system directly affects all aspects of academic and administrative employment at UOG. Other universities in the United States operate on a merit basis and the Guam Organic Act standard for merit employment is practicable.

43. Under the practicable standard, merit employment practices should be strictly followed. Defendants have failed to follow basic merit standards and processes required in a system. Defendants' non-compliance with the merit system requirement violates not only federal law as stipulated in the Organic Act of Guam but also the requirements established by the Guam Legislature to use merit employment practices.

44. Defendants' actions and omissions in failing to implement and maintain a proper merit system constitute a willful and knowing violation of 48 U.S.C. § 1422(c).

45. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

46. As a proximate result of the acts of Defendant, as described above, Plaintiff suffered economic damages, including lost wages and benefits, and other compensatory damages in an amount to be ascertained at the time of trial.

47. As a further proximate result of the acts of Defendant, as alleged above, Plaintiff has spent and will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendant's acts, in an amount to be ascertained at the time of trial.

48. As a further proximate result of the aforementioned acts of Defendant, and each of them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the time of trial.

49.     In doing the acts herein alleged, Defendants, through their officers, director, and/or managing agents, acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

50.     Plaintiff, who has incurred and continues to incur attorney's fees and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial. As a direct and proximate result of the above-described acts of Defendant, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions of 42 U.S.C. § 12205, Plaintiff is entitled to the reasonable value of such attorney's fees and costs [e.g., *Jankey v. Poop Deck*, 537 F.3d 1122 (9th Cir. 2008)].

51.     The above-described acts of Defendants were willful, intentional, malicious, and done with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendant and to deter others from engaging in similar despicable conduct.

### THIRD CAUSE OF ACTION
**VIOLATION OF DUE PROCESS RIGHTS UNDER 48 U.S.C. § 1421B(E) OF THE GUAM ORGANIC ACT**
*(Due Process)*

52.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

53.     The Guam Organic Act guarantees that, "no person shall be deprived of life, liberty, or property without due process of law."

54.     Plaintiff, as an employee of Defendants, had a property interest in his continued employment.

55.     Defendants have not followed basic principles of due process in addressing basic employment appeals and other related employment practice concerns.

*Verified Complaint (Analista v. UOG, et al)*

56. Defendants violated Plaintiff's due process rights as guaranteed by 48 U.S.C. § 1421b(e) by terminating Plaintiff's employment without affording Plaintiff basic due process protections. Specifically, Defendants failed to provide Plaintiff with (a) adequate notice of the reasons for his termination; (b) a fair and impartial hearing prior to termination; (c) an opportunity to present evidence and arguments in his defense; and (d) the chance to confront and cross-examine adverse witness. These procedural safeguards are fundamental to due process in employment termination cases, particularly in public employment context. By failing to follow these basic principles of due process in addressing Plaintiff's employment appeals and other related employment practice concerns, Defendants deprived Plaintiff of his property interest in continued employment without due process of law.

57. Defendants' actions were willful, wanton, and in reckless disregard of Plaintiff's constitutional rights.

58. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

59. As a further proximate result of Defendants' conduct described herein, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

60. In doing the acts herein alleged, Defendants, through their officers, director, and/or managing agents, acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

61. Plaintiff, who has incurred and continues to incur attorney's fees and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial. As a direct and proximate result of the above-described acts of Defendant, Plaintiff has necessarily incurred

15

1    attorney's fees and costs and, pursuant to the provisions of 42 U.S.C. § 12205, Plaintiff is entitled to

2    the reasonable value of such attorney's fees and costs [e.g., *Jankey v. Poop Deck*, 537 F.3d 1122 (9th

3    Cir. 2008)].

4         62.    The above-described acts of Defendants were willful, intentional, malicious, and done

5    with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's

6    rights, and, thus, warrant the imposition of exemplary and punitive damages in an amount sufficient

7    to punish said Defendant and to deter others from engaging in similar despicable conduct.

## FOURTH CAUSE OF ACTION
### DISCRIMINATION BASED ON SEX UNDER THE TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §§ 2000E *ET SEQ.*
### *(Gender Discrimination)*

63.    Plaintiff incorporates and realleges by reference all previous paragraphs, and each and

every part thereof, of this Complaint, with the same force and effect as though set forth at length

herein.

64.    Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination in

employment on the basis of sex, including gender.

65.    UOG is an employer within the meaning of Title VII and is subject to its provisions.

66.    Plaintiff, as a male employee, is a member of a protected class under Title VII.

67.    President Enriquez has a history of disparate treatment between male and female

employees. Particularly, male employees have been treated far worse than female employees when

facing same or similar allegations of wrongdoing in the workplace.

68.    Defendants selectively and severely enforced its discipline against Plaintiff because of

his male sex, in violation of Title VII.

69.    Plaintiff has suffered adverse employment actions, including but not limited to

disparate treatment in discipline and ultimately termination, due to his male sex. Similarly situated

female employees were treated more favorably than Plaintiff under similar circumstances.

70.    The reasons given for Plaintiff's discipline and termination were pretextual, and the

16

*Verified Complaint (Analista v. UOG, et al)*

true reason was discrimination based on Plaintiff's male sex.

71.    Defendants' actions constitute unlawful discrimination on the basis of sex in violation of Title VII.

72.    The unlawful employment practices complained of above were intentional.

73.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

74.    As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

75.    As a proximate result of the acts of Defendants, as described above, Plaintiff suffered economic damages, including lost wages and benefits, and other compensatory damages in an amount to be ascertained at the time of trial.

76.    As a further proximate result of the acts of Defendants, as alleged above, Plaintiff has spent and will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts, in an amount to be ascertained at the time of trial.

77.    As a further proximate result of the aforementioned acts of Defendant, and each of them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the time of trial.

78.    In doing the acts herein alleged, Defendants, through their officers, director, and/or managing agents, acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

79.     Plaintiff, who has incurred and continues to incur attorney's fees and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial. As a direct and proximate result of the above-described acts of Defendant, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions of 42 U.S.C. § 12205, Plaintiff is entitled to the reasonable value of such attorney's fees and costs [e.g., *Jankey v. Poop Deck*, 537 F.3d 1122 (9th Cir. 2008)].

80.     The above-described acts of Defendants were willful, intentional, malicious, and done with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendant and to deter others from engaging in similar despicable conduct.

## FIFTH CAUSE OF ACTION
### DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §§ 12101, 12112, 12132 ET SEQ.

81.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

82.     Defendant is an "employer" within the meaning of and subject to 42 U.S.C. §§ 12101 et seq., commonly referred to as the Americans with Disabilities Act of 1990 ("ADA").

83.     At all relevant times, Plaintiff was a qualified individual with a disability who with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds. 42 U.S.C. § 12118(8). A disability is a "physical or mental impairment that substantially limits one or more the major life activities of such individual." 42 U.S.C. § 12102(2)(a). Plaintiff's mental health condition constitutes a disability under the ADA, as it is a mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(1)(A).

84.     Defendants violated the ADA by discriminating against Plaintiff on the basis of his disability with regard to the discharge of employment and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a).

85. Plaintiff informed Defendants of his disability and need for reasonable accommodations in the form of time off to address his mental health condition, which was exacerbated by the hostile work environment he was subjected to at UOG.

86. Defendant terminated Plaintiff's employment due to his disability and/or in retaliation for requesting and using reasonable accommodations. This termination occurred after Plaintiff had taken time off to address his mental health condition, which was a direct result of the hostile work environment at UOG.

87. Defendant's purported reasons for terminating Plaintiff were pretextual. The true reasons for Plaintiff's termination were his disability, his need for accommodations, and/or to avoid providing any future accommodations Plaintiff might require.

88. Defendant's discriminatory and retaliatory actions against Plaintiff, including termination, constitute violations of the ADA, 42 U.S.C. §§ 12101 et seq.

89. Defendant failed to take all reasonable steps necessary to prevent discrimination and retaliation against Plaintiff, in violation of the ADA.

90. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

91. As a proximate result of the acts of Defendant, as described above, Plaintiff suffered economic damages, including lost wages and benefits, and other compensatory damages in an amount to be ascertained at the time of trial.

92. As a further proximate result of the acts of Defendant, as alleged above, Plaintiff has spent and will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendant's acts, in an amount to be ascertained at the time of trial.

93. As a further proximate result of the aforementioned acts of Defendant, and each of them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the time of trial.

94. In doing the acts herein alleged, Defendants, through their officers, director, and/or managing agents, acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

95. Plaintiff, who has incurred and continues to incur attorney's fees and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial. As a direct and proximate result of the above-described acts of Defendant, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions of *42 U.S.C.* § 12205, Plaintiff is entitled to the reasonable value of such attorney's fees and costs [e.g., *Jankey v. Poop Deck*, 537 F.3d 1122 (9th Cir. 2008)].

96. The above-described acts of Defendants were willful, intentional, malicious, and done with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendant and to deter others from engaging in similar despicable conduct.

## SIXTH CAUSE OF ACTION
### VIOLATIONS OF § 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794
### *(Disability Discrimination)*

97. Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

98. Plaintiff is a "qualified individual with a disability: as defined in § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

99. Plaintiff was fully qualified to perform the essential functions and duties of his job

20

1   position.

2          100.    Defendants is a recipient of federal financial assistance and is subject to § 504 of the

3   Rehabilitation Act of 1973, 29 U.S.C. § 794.

4          101.    Defendants discriminated against Plaintiff when it maintained policies that resulted in

5   disparate impact on the Plaintiff, in that Plaintiff was not provided with accommodations that others

6   were adherence to proper policies as set forth in the paragraphs above.

7          102.    Defendants' actions constitute an intentional and unlawful employment practice and

8   policy in violation of the § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

9          103.    As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has

10  suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job

11  benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's

12  damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will

13  be proven at trial.

14         104.    As a proximate result of the acts of Defendant, as described above, Plaintiff suffered

15  economic damages, including lost wages and benefits, and other compensatory damages in an amount

16  to be ascertained at the time of trial.

17         105.    As a further proximate result of the acts of Defendant, as alleged above, Plaintiff has

18  spent and will necessarily continue to expend sums in the future for the treatment of the physical,

19  emotional and mental injuries sustained by Plaintiff as a result of said Defendant's acts, in an amount

20  to be ascertained at the time of trial.

21         106.    As a further proximate result of the aforementioned acts of Defendant, and each of

22  them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and severe emotional and

23  physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be

24  ascertained at the time of trial.

25         107.    In doing the acts herein alleged, Defendants, through their officers, director, and/or

26  managing agents, acted with oppression, fraud, malice and in conscious disregard of the rights of

27

28                                                                                                      21

Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

108.    Plaintiff, who has incurred and continues to incur attorney's fees and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial. As a direct and proximate result of the above-described acts of Defendant, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions of 42 U.S.C. § 12205, Plaintiff is entitled to the reasonable value of such attorney's fees and costs. [e.g., *Jankey v. Poop Deck*, 537 F.3d 1122 (9th Cir. 2008).]

109.    The above-described acts of Defendants were willful, intentional, malicious, and done with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendant and to deter others from engaging in similar despicable conduct.

### SEVENTH CAUSE OF ACTION
#### DISABILITY DISCRIMINATION IN VIOLATION OF 22 GCA § 5203

110.    Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

111.    The Guam Anti-Disability Discrimination statute makes it an "unlawful employment practice or unlawful discrimination for an employer to discharge from employment, any qualified individual because of a disability."

112.    At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of 22 GCA § 5203.

113.    Defendants, as employers within the meaning of 22 GCA § 5203, were subject to the provisions of the Guam Anti-Disability Discrimination statute.

114.    Defendants violated 22 GCA § 5203 by subjecting Plaintiff to a hostile work environment based on his disability, which resulted in Plaintiff being compelled to take leave from the workplace due to the severe and pervasive nature of the hostility.

115. The hostile work environment created by Defendants was so intolerable that it effectively resulted in Plaintiff's constructive discharge, as he was banned from campus and unable to continue his employment under such conditions.

116. Defendants failed to take reasonable steps to prevent and correct the hostile work environment, despite being aware of the situation.

117. Defendants' actions and inactions, including compelling Plaintiff to leave the workplace, banning him from campus, and effectively discharging him, were motivated by Plaintiff's disability and/or his need for accommodations related to his disability.

118. As a direct and proximate result of Defendants' foregoing unlawful employment discrimination, Plaintiff was wrongfully terminated and damaged in the loss of present and future compensation and deprived of equal employment opportunities for experience and training to further qualify for future career advancement.

119. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

120. As a proximate result of the acts of Defendant, as described above, Plaintiff suffered economic damages, including lost wages and benefits, and other compensatory damages in an amount to be ascertained at the time of trial.

121. As a further proximate result of the acts of Defendant, as alleged above, Plaintiff has spent and will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendant's acts, in an amount to be ascertained at the time of trial.

122. As a further proximate result of the aforementioned acts of Defendant, and each of them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and severe emotional and

1   physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be
2   ascertained at the time of trial.

3       123.    In doing the acts herein alleged, Defendants, through their officers, director, and/or
4   managing agents, acted with oppression, fraud, malice and in conscious disregard of the rights of
5   Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at
6   the time of trial.

7       124.    Plaintiff, who has incurred and continues to incur attorney's fees and legal expenses, is
8   entitled to recover said costs and fees in an amount according to proof at the time of trial. As a direct
9   and proximate result of the above-described acts of Defendant, Plaintiff has necessarily incurred
10  attorney's fees and costs and, pursuant to the provisions of *42 U.S.C.* § 12205, Plaintiff is entitled to
11  the reasonable value of such attorney's fees and costs [e.g., *Jankey v. Poop Deck*, 537 F.3d 1122 (9th
12  Cir. 2008)].

13      125.    The above-described acts of Defendants were willful, intentional, malicious, and done
14  with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's
15  rights, and, thus, warrant the imposition of exemplary and punitive damages in an amount sufficient
16  to punish said Defendant and to deter others from engaging in similar despicable conduct.

### EIGHTH CAUSE OF ACTION
#### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII 42 U.S.C. § 2000E-2(A)
*(Hostile Work Environment)*

20      126.    Plaintiff incorporates and realleges by reference all previous paragraphs, and each and
21  every part thereof, of this Complaint, with the same force and effect as though set forth at length
22  herein.

23      127.    Plaintiff, as a male employee, belongs to a protected class under Title VII.

24      128.    Plaintiff was subjected to unwelcome harassment based on his sex and in retaliation for
25  engaging in protected activities, including filing an EEOC complaint, informing Defendants of his
26  disability, and requesting reasonable accommodations.

27      129.    The harassment was both subjectively and objectively hostile, as required by law.

Plaintiff perceived the working environment to be abusive and hostile, and a reasonable person in Plaintiff's circumstances would consider the working environment to be abusive or hostile.

130. The harassing conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment. This included, but was not limited to: (a) ridicule and insults based on Plaintiff's sex; (b) intimidation and physical conduct, such as being prohibited from campus, forcing Plaintiff to teach his class remotely, and preventing him from performing job duties; (c) Discriminatory treatment by President Enriquez, Defendant's Human Resources department, and other supervisors; and (d) compelling Plaintiff to leave the workplace and banning him from campus, effectively resulting in a constructive discharge.

131. The totality of the circumstances demonstrates the severity and pervasiveness of the hostile work environment, including the frequency of the harassing conduct, its severity, its physically threatening or humiliating nature, and its unreasonable interference with Plaintiff's work performance.

132. Defendants knew or should have known of the harassment and failed to take prompt and effective remedial action to prevent and correct the harassing behavior.

133. Defendants' actions and inactions fostered and condoned a hostile work environment in violation of Title VII.

134. While some of the harassing acts may constitute discrete acts of discrimination, when combined with the pattern of harassment, they contribute to the pervasive and hostile environment, as recognized in *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 117 (2002). Indeed, *Morgan* itself held that a jury could consider discrete acts as part of a hostile work environment claim. *Id.*

135. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

25

136. As a proximate result of the acts of Defendant, as described above, Plaintiff suffered economic damages, including lost wages and benefits, and other compensatory damages in an amount to be ascertained at the time of trial.

137. As a further proximate result of the acts of Defendant, as alleged above, Plaintiff has spent and will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendant's acts, in an amount to be ascertained at the time of trial.

138. As a further proximate result of the aforementioned acts of Defendant, and each of them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the time of trial.

139. In doing the acts herein alleged, Defendants, through their officers, director, and/or managing agents, acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

140. Plaintiff, who has incurred and continues to incur attorney's fees and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial. As a direct and proximate result of the above-described acts of Defendant, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions of 42 U.S.C. § 12205, Plaintiff is entitled to the reasonable value of such attorney's fees and costs [e.g., *Jankey v. Poop Deck*, 537 F.3d 1122 (9th Cir. 2008)].

141. The above-described acts of Defendants were willful, intentional, malicious, and done with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendant and to deter others from engaging in similar despicable conduct.

*Verified Complaint (Analista v. UOG, et al)*

## NINTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION PUBLIC POLICY AND DUE PROCESS
### *(Wrongful Discharge)*

142.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

143.     Under Guam's Anti-Discrimination Laws, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. Courts have interpreted a fundamental public policy to be any articulable constitutional, or statutory provision, or regulation that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer. The public policy must be fundamental, substantial, and well established at the time of discharge.

144.     Defendants violated fundamental public policies as articulated in: (a) Guam's Anti-Discrimination Laws, including but not limited to 22 GCA § 5203, which prohibits discrimination based on disability; (b) Title VII of the Civil Rights Act of 1964, which prohibits retaliation for filing an EEOC complaint; and (c) The Due Process Clause of the U.S. Constitution and Guam's Organic Act, which require procedural due process before terminating a public employee with a property interest in continued employment.

145.     Defendants discriminated against Plaintiff due to his disability and terminated his employment in violation of these public policies.

146.     Defendants retaliated against Plaintiff by terminating his employment after he filed an EEOC complaint, which is a protected activity under Title VII.

147.     Defendants violated Plaintiff's due process rights by failing to provide him with adequate notice and an opportunity to be heard prior to termination. Specifically, Defendants (a) failed to provide Plaintiff with written notice of the charges against him; (b) failed to provide Plaintiff with an explanation of the employer's position; and (c) failed to provide Plaintiff with an opportunity to present his side before termination.

*Verified Complaint (Analista v. UOG, et al)*

148.    Defendants' actions in terminating Plaintiff's employment were motivated by Plaintiff's disability, his exercise of protected rights (including filing an EEOC complaint), and a desire to circumvent proper due process procedures.

149.    Defendants lacked a legitimate business justification for terminating Plaintiff's employment without affording him due process.

150.    Defendants named in this cause of action, and all DOE Defendants, and each of them, discriminated against Plaintiff due to Plaintiff's disability and terminated Plaintiff in violation of public policy, by terminating Plaintiff in retaliation because Plaintiff exercised his state and federal law rights. After Plaintiff was terminated from his position, Plaintiff was denied employment by Defendants.

151.    Plaintiff alleges that Defendants violated public policies underlying the Guam's Anti-Discrimination Statutes, when Defendants terminated Plaintiff in violation of public policy.

152.    In doing the acts herein alleged, including but not limited to, wrongful termination of Plaintiff's employment, Defendants, through their officers, directors, and/or managing agents, acted with oppression, fraud, and/or malice, and in the conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

153.    As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

154.    As a proximate result of the acts of Defendant, as described above, Plaintiff suffered economic damages, including lost wages and benefits, and other compensatory damages in an amount to be ascertained at the time of trial.

155.    As a further proximate result of the acts of Defendant, as alleged above, Plaintiff has spent and will necessarily continue to expend sums in the future for the treatment of the physical,

emotional and mental injuries sustained by Plaintiff as a result of said Defendant's acts, in an amount to be ascertained at the time of trial.

156.     As a further proximate result of the aforementioned acts of Defendant, and each of them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and severe emotional and physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the time of trial.

157.     In doing the acts herein alleged, Defendants, through their officers, director, and/or managing agents, acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

158.     Plaintiff, who has incurred and continues to incur attorney's fees and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial. As a direct and proximate result of the above-described acts of Defendant, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions of *42 U.S.C.* § 12205, Plaintiff is entitled to the reasonable value of such attorney's fees and costs [e.g., *Jankey v. Poop Deck*, 537 F.3d 1122 (9th Cir., 2008)].

159.     The above-described acts of Defendants were willful, intentional, malicious, and done with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendant and to deter others from engaging in similar despicable conduct.

### TENTH CAUSE OF ACTION
#### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

160.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

*Verified Complaint (Analista v. UOG, et al)*

161.  Defendants named in this cause of action, and all DOE Defendants, and each of them, engaged in extreme and outrageous conduct by intentionally and recklessly subjecting Plaintiff to, and permitting Plaintiff to be subjected to, discrimination and retaliation as described herein.

162.  Defendants, and each of them, ratified such conduct by failing and refusing to take any and all reasonable steps necessary to prevent such conduct from occurring, by failing to take appropriate corrective action following such conduct.

163.  Defendants' conduct was willful, wanton, intentional, outrageous, malicious, and acted with the intent, or in reckless disregard of the probability, of causing emotional distress to Plaintiff.

164.  Defendants, by the acts of its managing agents, officers and/or directors in the aforementioned acts and/or ratifying such acts, engaged in willful, malicious, intentional oppressive and despicable conduct, and acted with willful and conscious disregard of the right, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages, against Defendants, in an amount to be determined at trial.

165.  As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

166.  As a proximate result of the acts of Defendants, as described above, Plaintiff suffered economic damages, including lost wages and benefits, and other compensatory damages in an amount to be ascertained at the time of trial.

167.  As a further proximate result of the acts of Defendants, as alleged above, Plaintiff has spent and will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendant's acts, in an amount to be ascertained at the time of trial.

168.  As a further proximate result of the aforementioned acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and severe emotional and

physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the time of trial.

169. In doing the acts herein alleged, Defendants, through their officers, director, and/or managing agents, acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

170. Plaintiff, who has incurred and continues to incur attorney's fees and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial. As a direct and proximate result of the above-described acts of Defendant, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions of 42 U.S.C. § 12205, Plaintiff is entitled to the reasonable value of such attorney's fees and costs [e.g., *Jankey v. Poop Deck*, 537 F.3d 1122 (9th Cir., 2008)].

171. The above-described acts of Defendants were willful, intentional, malicious, and done with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendant and to deter others from engaging in similar despicable conduct.

## **REQUEST FOR JURY**

Plaintiff requests a Jury Trial in the above-captioned matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NORMAN S. ANALISTA respectfully requests the following relief against all Defendants:

1. That the Court empanel a jury to hear his case;

2. For judgment in his favor for all causes of action alleged;

3. For judgment declaring that Defendants' practices complained of herein are unlawful;

31

*Verified Complaint (Analista v. UOG, et al)*

1        4.     For general damages sustained as a result of Defendants' conduct, including back pay,

2    front pay, benefits, general and specific damages for lost compensation and job benefits Plaintiff

3    would have received but for Defendants' retaliatory practices, and for emotional distress, humiliation,

4    embarrassment, and anguish;

5        5.     For special damages in an amount according to proof, but in the excess of the minimum

6    jurisdiction of this court, in order to compensate Plaintiff for loss of past and future earnings, and all

7    damages flowing from Plaintiff's loss of earnings, loss of job security, failure to properly advance

8    within his career; damage to his professional and personal reputation; and for loss of all future earnings

9    and benefits and job promotions and privileges Plaintiff would have had;

10       6.     For exemplary and punitive damages in an amount commensurate with Defendants'

11    ability and to deter Defendants' future malicious, reckless, and/or intentional conduct;

12       7.     For consequential economic loss damages as a result of the breach;

13       8.     For emotional distress damages that properly compensate Plaintiff for pain and

14    suffering as a result of Defendants' actions as fully described in this Complaint;

15       9.     For injunctive relief and declaratory relief in accordance with law including, but not

16    limited to:

17        a.   Training regarding the prohibition against retaliation for engaging in protected activity for

18           all of Defendants' supervisors;

19        b.   Training of all Defendants' employees regarding retaliation, including procedures for

20           reporting such retaliation, conducted by reputable outside vendors;

21        c.   Supervisory discipline up to and including termination for any employee who engages in

22           discrimination based upon sex and/or retaliatory practices; and

23        d.   Monitoring by the Court or a federal agency to ensure that Defendants comply with all

24           injunctive relief.

25       10.    That the Court retains jurisdiction over Defendants until such time as it is satisfied that

26    they have remedied the practices complained of and are determined to be in full compliance with the

27    law;

28

11.     For Plaintiff's expenses incurred in connection with this action, including reasonable attorney's fees, expert witness fees, and other costs;

12.     For pre-judgment and post-judgment interest, as provided by law; and

13.     For other and further legal and equitable relief as this Court may deem necessary and proper.

Respectfully submitted this 6th day of December, 2024.

LAW OFFICES OF MINAKSHI V. HEMLANI, P.C

By:    _____
Minakshi V. Hemlani, Esq.
*Counsel for Plaintiff Norman S. Analista*

## **VERIFICATION**

I, Norman S. Analista, the Plaintiff in the above-entitled action, having read the foregoing Verified Complaint (Jury Trial Demand), declare under penalty of perjury under the law of the United States of America, that the statements contained herein are true and correct and to the best of my knowledge, except as to matters alleged upon information or belief, and as to those matters, I believe them to be true.

Dated the 6th day of December, 2024.

_____
Norman S. Analista

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Honolulu Local Office**
300 Ala Moana Blvd, Room 4-257
Honolulu, HI 96850
(808) 800-2350
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/10/2024

**To:** Mr. Norman S. Analista
P.O. Box 8741 Agat
Agat 96928
Charge No: 34G-2024-00034

EEOC Representative and email:   RHONDA AKIMA MAYO
Investigator
RHONDA.AKIMA.MAYO@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Raymond Griffin
09/10/2024
Raymond Griffin
Local Office Director

**Cc:**
Anthony R Camacho, Esq.
University of Guam
303 UNIVERSITY DR UOG STATION
Mangilao, GU 96913


Please retain this notice for your records.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Honolulu Local Office**
300 Ala Moana Blvd, Room 4-257
Honolulu, HI 96850
(808) 800-2350
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/10/2024

**To:** Mr. Norman S. Analista
P.O. Box 8741 Agat
Agat 96928
Charge No: 34G-2024-00035

EEOC Representative and email:   RHONDA AKIMA MAYO
Investigator
RHONDA.AKIMA.MAYO@EEOC.GOV

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Raymond Griffin
09/10/2024
_____
Raymond Griffin
Local Office Director

**Cc:**
Anthony Camacho Esq.
303 UNIVERSITY DR UOG STATION
Mangilao, GU 96913


Please retain this notice for your records.